```
 1  SANDRA R. BROWN
    Acting United States Attorney
 2  LAWRENCE S. MIDDLETON
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  FRANK D. KORTUM
    California Bar No. 110984
 6  Assistant United States Attorney
    Asset Forfeiture Section
 7       1400 United States Courthouse
         312 North Spring Street
 8       Los Angeles, California 90012
         Telephone: (213) 894-5710
 9       Facsimile: (213) 894-7177
         E-mail: Frank.Kortum@usdoj.gov
10
    Attorneys for Plaintiff
11  United States of America
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | No. SACV 17-00112-JVS(DFMx) |
|---|---|
| Plaintiff, | **STIPULATION AND REQUEST TO STAY CIVIL FORFEITURE CASE** |
| v. | |
| ONE REAL PROPERTY LOCATED IN BREA, CALIFORNIA, | |
| Defendants. | |
| HENRY MAURISS AND JULIE MAURISS, | |
| Claimants. | |

Plaintiff United States of America (the "government") and claimant, Henry Mauriss ("H. Mauriss") and Julie Mauriss ("J. Mauriss," collectively with H. Mauriss, "Claimants") hereby stipulate and request as follows:

1. The Civil Asset Forfeiture Reform Act of 2000 provides for a mandatory stay of a civil forfeiture case under the circumstances present here. Specifically, 18 U.S.C. § 981(g)(2) provides for a stay of the judicial forfeiture proceeding if: (1) the claimant is the subject of a related criminal investigation or case; (2) the claimant has standing to assert a claim; and (3) continuation of the forfeiture proceeding would burden the right of the claimant against self-incrimination in the related investigation.

2. This civil forfeiture action was commenced on January 23, 2017, against the defendant, One Real Property Located in Brea, California (the "defendant real property"). The government alleges, inter alia, that the defendant real property represents or is traceable to proceeds of a wire fraud scheme in violation of 18 U.S.C. § 1343. The defendant real property is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

3. This civil forfeiture action is related to an ongoing criminal investigation that arises out of the same facts and involves many of the same issues of fact and law. Proceeding with the instant action in light of the ongoing criminal investigation will likely (A) require Claimants to choose between waiving their Fifth Amendment rights against self-incrimination and defending against the instant forfeiture; and (B) interfere with the pending criminal investigation. Accordingly, the parties respectfully request that the Court stay this action pursuant to 18 U.S.C. § 981(g).

4. Plaintiff gave notice of this action as required by Supplemental Rule G(4)(a) of the Federal Rules of Civil Procedure and

the Local Rules of this Court. Notice of this action was published as required by Rule G(4)(1)(iv)(C) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions. H. Mauriss filed a verified claim as to the defendant assets on March 6, 2017. Dkt. 14. J. Mauriss filed a verified claim as to the defendant assets on March 20, 2017. Dkt. 19. The time for unknown potential claimants to file claims expires on March 30, 2017 and their time to file answers expires on April 20, 2017.

    5. The parties stipulate and request that any stay imposed by this Court not be construed to bar the filing of timely claims. The parties also stipulate and request that any stay that this Court imposes not affect the ability or right of the government to initiate default proceedings against potential claimants who have not filed timely claims.

    6. The parties propose to report to the Court concerning the status of the criminal investigation every 120 days, with the first report due 120 days after the Court enters an order staying the case. Once the related criminal investigation is completed, the parties shall, within 30 days thereafter, lodge a stipulation to lift the stay.

///

///

7. The parties further stipulate that the answers or responsive pleadings for all claimants that have filed, or may file, timely claims will be due 21 days after the entry of an order lifting the stay.

Dated: March 27, 2017

SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

/s/ Frank Kortum
FRANK D. KORTUM
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: March 27, 2017

GREENBERG GROSS, LLP

/s/ Aluyah Imoisili (FDK *)
ALUYAH I. IMOISILI, ESQ.

Attorney for Claimant HENRY MAURISS

Dated: March 27, 2017

/s/ Julie Mauriss (FDK *)
Claimant JULIE MAURISS
*In Pro Per*

* authorized signature

4